IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER STATON,         ) | |
|     ID # 47872-177,              ) | |
|         Movant,                        ) | |
|                                                ) | No. 3:20-CV-846-B-BH |
| vs.                                                     ) | No. 3:14-CR-63-B(3) |
|                                                ) | |
| UNITED STATES OF AMERICA,  ) | |
|         Respondent.                ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on April 13, 2020 (doc. 1), should be **DENIED** with prejudice.

## I.  BACKGROUND

Christopher Staton (Movant) challenges his conviction and sentence in Cause No. 3:14-CR-63-B(3).  The respondent is the United States of America (Government).

### A. Conviction and Sentencing

On February 19, 2014, Movant and four others were charged by indictment with conspiracy to commit carjacking in violation of 18 U.S.C. § 371 (Count One); using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two); and carjacking in violation of 18 U.S.C. §§ 2119 and 2 (Count Three).  (*See* doc. 1.)[2]  The predicate crime of violence under Count Two was conspiracy to commit carjacking, as

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:14-CR-63-B(3).

alleged in Count One. (*See id.* at 5.)³ On May 6, 2014, Movant pled guilty to all three counts of the indictment under a plea agreement. (*See* docs. 57, 66.)

The plea agreement stated that Movant understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See* doc. 57 at 1.) He agreed that he understood the nature and elements of the crimes to which he was pleading guilty, and that the factual resume he signed was true and would be submitted as evidence. (*See id.* at 1-2.) The plea agreement set out the range of penalties for each of the three counts, and it stated that Movant had reviewed the federal sentencing guidelines with counsel, he understood his sentences would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding, and no one could predict with certainty the outcome of the Court's consideration of the guidelines. (*See id.* at 2-4.) He understood that the Court had sole discretion to impose the sentences. (*See id.* at 4.) He had reviewed all legal and factual aspects of the case with counsel and believed that it was in his best interest to enter into the plea agreement and plead guilty. (*See id.* at 6.) His guilty plea was freely and voluntarily made and not the result of force or threats, or of promises apart from those included in the plea agreement. (*See id.*)

The plea agreement also included an appeal waiver under which Movant waived his right to appeal his convictions and sentences and his right to otherwise contest his convictions and sentences in a collateral proceeding, except that he reserved the right (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing, (b) to challenge the voluntariness of any of his guilty pleas or the appeal waiver, and (c) to bring a claim of ineffective assistance of counsel. (*See id.*) In exchange, the Government agreed not to

---

³ Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

bring any additional charges against him based on the conduct underlying and related to his guilty pleas, and to dismiss after sentencing any remaining charges in the indictment. (*See id.* at 5.)

At his re-arraignment on May 6, 2014, Movant acknowledged under oath that he thoroughly reviewed his factual resume with counsel, the facts in the resume were true and correct, and he committed all the essential elements of the three charged counts. (*See* doc. 216 at 9-10, 17-18.) He also acknowledged that he understood the rights he was giving up by pleading guilty, and that he understood he was voluntarily waiving his right to appeal or challenge his sentence through a writ of habeas corpus, except in the limited circumstances set out in the plea agreement. (*See id.* at 5-6, 13-14.) Movant pled guilty to the three counts of the indictment, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 17-19; doc. 67-68, 85.)

On October 14, 2014, the United States Probation Office (USPO) prepared a Presentence Investigation Report (PSR) in which it applied the 2013 United States Sentencing Guidelines Manual. (*See* doc. 100-1 at ¶ 27.) Grouping Count One and Count Three together, the PSR calculated a base offense level of 26 for the grouped counts, from which three levels were deducted for acceptance of responsibility, resulting in a total offense level of 23. (*See id.* at ¶¶ 29-39.) For Count Two, the PSR noted that the guideline sentence for that count was the minimum term of imprisonment required by the statute, to run consecutive to any other term of imprisonment. (*See id.* at ¶ 40.) Based on a total offense level of 23 at a criminal history category of II, the guideline imprisonment range was 51 to 63 months for the grouping of Counts One and Three; the guideline imprisonment range was the statutory mandatory minimum term of seven years on Count Two, to run consecutive to any other sentence imposed. (*See id.* at ¶ 83.) The USPO provided supplemental information in two subsequent addenda to the PSR, neither of which impacted the guideline sentence computations. (*See* docs. 109-1, 152-1.)

At the sentencing hearing on February 19, 2015, the PSR and its addenda were adopted as the findings and conclusions of the Court. (*See* doc. 218 at 7.) By judgment dated February 20, 2015, Movant was sentenced to 57 months' imprisonment on Count One and Count Three, to run concurrently with each other, and to 84 months' imprisonment on Count Two, to run consecutively to the sentences for Counts One and Three, for a total term of 141 months' imprisonment. (*See* doc. 155 at 1-2.) His term of imprisonment was to be followed by a two-year term of supervised release. (*See id.* at 3.) Movant did not file an appeal.

**B.** **Substantive Claim**

In the § 2255 motion, Movant asserts one ground for relief:

> IN LIGHT OF *UNITED STATES V. DAVIS*, 139 S.Ct. 2319 (2019), Movant's conviction under 18 U.S.C. § 924(c) violates due process of law and MUST be VACATED, based on the fact that Conspiracy to Commit Carjacking is NOT categorically considered a Crime of Violence.

(No. 3:20-CV-846-B-BH, doc. 1 at 4.) The Government filed a response on June 11, 2020. (*See id.*, doc. 5.) Movant did not file a reply.

## II. SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their

4

direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III.   WAIVER

In his only ground, Movant contends that based on the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019), his conviction on Count Two of the underlying criminal case must be vacated because "Conspiracy to Commit Carjacking is NOT categorically considered a Crime of Violence." (No. 3:20-CV-846-B-BH, doc. 1 at 4.) The Government argues that this claim is barred by the waiver provision in Movant's knowing and voluntary plea agreement. (*See id.*, doc. 5 at 12-16.)

The plea agreement waiver in this case bars all claims on collateral review under § 2255, except for those that go to the voluntariness of Movant's guilty plea or the appeal waiver and the ineffectiveness of counsel. (*See* doc. 57 at 6.) Movant does not challenge the voluntariness of his guilty plea or the appeal waiver; nor does he contend that counsel rendered ineffective assistance. As for his collateral attack under *Davis*,[4] the Fifth Circuit has held that generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White,* 307 F.3d 336, 343 (5th Cir. 2002). Further, "defendants can waive the right to challenge both illegal and

---

[4] In *Davis*, the Supreme Court held that the definition of "crime of violence" in the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *See Davis*, 139 S. Ct. at 2336.

5

unconstitutional sentences." *United States v. Barnes*, 953 F.3d 383, 389 (5th Cir. 2020). In the specific context of a *Davis* claim raised on collateral review by a movant whose pre-*Davis* plea of guilty to a § 924(c) charge predicated on a conspiracy charge that did not constitute a crime of violence under the elements clause of § 924(c), as alleged here, the Fifth Circuit recently held that a movant's plea waiver bars such a collateral attack under § 2255. *See United States v. Caldwell*, 38 F.4th 1161, 1161-62 (5th Cir. 2022) (per curiam) (citing *Grzegorczyk v. United States*, 142 S. Ct. 2580, 2580 (2022) (stating that a § 2255 movant's unconditional guilty plea "precluded any argument based on the new case law.")); *see also United States v. Brooks*, No. 20-10401, 2022 WL 2871200, at *2 (5th Cir. July 21, 2022) (per curiam) ("We recently held that plea waivers of the right to collaterally attack a sentence apply to *Davis* claims."). Movant's *Davis* claim is barred by his plea waiver.

The Fifth Circuit has recognized exceptions to an informed and voluntary plea waiver in instances involving ineffective assistance of counsel claims affecting the validity of the collateral review waiver or guilty plea, and "'where the sentence facially (or perhaps indisputably) exceeds the statutory limits.'" *United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004) (quoting *White*, 307 F.3d at 343 n.4). These exceptions do not apply here, however. Movant does not claim that his counsel was ineffective in any way that affected the validity of his collateral review waiver or guilty plea, and he does not allege that his sentence exceeds the statutory maximum for the challenged offense. He therefore has failed to show that an exception to his plea waiver applies.

Because Movant's *Davis* claim is barred by his knowing and voluntary plea waiver, and he has failed to show that any exception to his plea waiver applies, he is not entitled to § 2255 relief.[5]

---

[5] The Government also argues in the alternative that Movant's claim is procedurally barred because he did not raise the claim on direct appeal, and he also has not established cause for the omission and resulting prejudice, or actual innocence. (*See* No. 3:20-CV-846-B-BH, doc. 5 at 16-21.) Because Movant's *Davis* claim is barred by his plea waiver, this additional argument is not addressed.

## IV. EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing, none is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted).

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claim. *See id.* Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on his claim.

## V. RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on April 13, 2020 (doc. 1), should be **DENIED** with prejudice.

**SIGNED this 8th day of August, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE